**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ALEJANDRO PRADO,

           Plaintiff-Appellant,

 v.

GARY SWARTHOUT, Warden; et al.,

           Defendants-Appellees,

 and

J. JIMENEZ, Lieutenant; et al.,

           Defendants.

No. 19-15985

D.C. No. 2:15-cv-01866-WBS-DB

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

    California state prisoner Alejandro Prado appeals pro se from the district

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his action alleging claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Prado's ADA claim because Prado failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his disability. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (to recover monetary damages under the ADA, a plaintiff must show intentional discrimination; the test for intentional discrimination is deliberate indifference).

The district court properly granted summary judgment on Prado's Eighth Amendment deliberate indifference claim because Prado failed to raise a triable dispute as to whether defendants were deliberately indifferent to a serious risk to Prado's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (explaining that a prison official acts with deliberate indifference if the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it").

The district court properly granted summary judgment on Prado's equal protection claim because Prado failed to raise a triable dispute as to whether defendants acted with an intent or purpose to discriminate against him based on his

disability. *See Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (setting forth requirements of an equal protection claim, including that the defendant must act with a discriminatory intent or purpose based upon membership in a protected class).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**